FITZPATRICK, C.J.,
with whom BENTON, and ELDER, JJ., join, concurring, in part, and dissenting, in part.
I concur in the majority’s ruling that the community caretaker exemption to the Fourth Amendment warrant requirement did not justify the police entry into appellant’s apartment. However, I respectfully dissent from that portion of the majority opinion that holds that appellant’s mother’s later consent to search was “sufficiently an act of free will” to purge the originally illegality. See Wong Sun v. United States, 371 U.S. 471, 486, 83 S.Ct. 407, 416-17, 9 L.Ed.2d 441 (1963). Thus, I would reverse the convictions.
Having determined that the initial entry into Kyer’s home was made in violation of the Fourth Amendment and that Kyer’s mother gave consent to the police to search the home, it is necessary to analyze whether this consent was obtained as the result of the illegal entry. I believe that the facts of this case glaringly fail to establish that the consent given by Kyer’s mother was sufficiently attenuated from the earlier unlawful police entry to provide an independent basis for admitting the seized contraband.
*499 The exclusionary rule prohibits the introduction into evidence of tangible and testimonial evidence acquired during an unlawful search, while also prohibiting the introduction of derivative evidence “that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search, up to the point at which the connection with the unlawful search becomes ‘so attenuated as too dissipate the taint.’ ” The exclusionary rule’s prohibition of derivative evidence is the essence of the “fruit of the poisonous tree” doctrine.
Commonwealth v. Ealy, 12 Va.App. 744, 754, 407 S.E.2d 681, 687-88 (1991) (citations omitted).
The remaining question to be resolved is whether the later acquired evidence is tainted and was “come at by exploitation of the initial illegality or instead by means sufficiently distinguishable to be purged of the primary taint.” Segura v. United States, 468 U.S. 796, 804-05, 104 S.Ct. 3380, 3385, 82 L.Ed.2d 599 (1984). As stated by the Supreme Court in Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), the fact that the consent ultimately given may have been voluntary, does not mean that the primary taint has been purged. Id. at 599, 95 S.Ct. at 2260. Factors that must be considered include the temporal proximity of the illegal entry, whether Kyer’s mother was informed that she could withhold her consent, any additional intervening circumstances between the entry and the consent, and the purpose and flagrancy of the official misconduct. Id. at 603-04, 95 S.Ct. at 2261-62. See also Davis v. Commonwealth, 37 Va.App. 421, 433-35, 559 S.E.2d 374, 379-80 (2002); Walls v. Commonwealth, 2 Va.App. 639, 654, 347 S.E.2d 175, 183 (1986).
In the instant case, the facts establish that the police entered Kyer’s home at 4:00 a.m. after failing to awaken the sleeping occupants. They went into Ms. Kyer’s bedroom with their flashlights shining and their guns drawn. They identified themselves as police and after allowing her time to “get herself together,” but within ten minutes of the original contact, began to question her about her son’s possible involvement in the theft they were investigating when they first came *500 to her home. At that point she consented to the search. Ten minutes is hardly a reasonable period of time in which to recover from the police entry into a private home with guns drawn. Thus, there was no significant passage of time and the temporal intervention requirement was unmet. See Taylor v. Alabama, 457 U.S. 687, 691, 102 S.Ct. 2664, 2667, 78 L.Ed.2d 314 (1982) (six hours between illegal arrest and confession); Brown, 422 U.S. at 604, 95 S.Ct. at 2262 (two hours between arrest and confession).
Next, Ms. Kyer was never informed that she could refuse to consent to the police search. There were no other intervening circumstances between the police entry and their questioning of Ms. Kyer which led to her consent. The only Brown factor favorable to the Commonwealth’s position is that the trial court found that the initial entry was not pretextural. While I agree with the majority that no single factor controls and a “careful sifting of the unique facts and circumstances of each case” is required, the facts of this case do not establish the requisite break in the causal connection between the illegal entry and the later consent to search. This evidence was “ ‘come at by exploitation of that illegality ... instead of by means sufficiently distinguishable to be purged of the primary taint.’ ” Wong Sun, 371 U.S. at 488, 83 S.Ct. at 418 (citation omitted). Thus I would reverse the convictions.